IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-120-GMS |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit on January 22, 2013, pursuant to 42 U.S.C. § 1983, alleging employment discrimination and seeking review of unemployment benefits rulings. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Bridgeforth was rehired by the defendant Shoprite Supermarkets Human Resources during the month of July 2012. Due to his current and past physical impairments, Bridgeforth applied for a position as a part-time housekeeper. On August 23, 2012, the defendants Shoprite Supermarkets Corporate Headquarters, Shoprite Supermarkets Human Resources, and Shoprite Supermarkets, Inc. (collectively "Shoprite defendants") terminated Bridgeforth's employment. Bridgeforth alleges that the Shoprite defendants agreed to discriminate against Bridgeforth based upon his race, sex, religion, and disability.

Bridgeforth filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Shoprite, EEOC Charge No. 846-2013-08129 alleging age discrimination. (D.I. 2, ex.) Bridgeforth was advised that, because he was only twenty-nine, the Age Discrimination in Employment Act of 1967, was inapplicable, and the EEOC could not legally investigate a claim of age discrimination. The complaint states that the EEOC granted Bridgeforth leave to file this lawsuit, but there is no right-to-sue letter attached to the complaint.

Bridgeforth applied for unemployment compensation. He alleges that the defendants the United States Department of Labor ("USDOL"), its Newark (Pencader) and Wilmington, Delaware offices, and its employees, Mrs. Soto, Margie Perry, and Andrew Morrison (collectively "Department of Labor defendants") agreed to deny his unemployment claim. It appears that Bridgeforth has misnamed the defendants. Exhibits attached to the complaint indicate that Bridgeforth sought unemployment insurance benefits from the Delaware Department of Labor ("DDOL"); not the USDOL. Bridgeforth seeks compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. 42 U.S.C. § 1983

Bridgeforth filed his complaint pursuant to 42 U.S.C. § 1983. Bridgeforth, however, may not recover against the Shoprite defendants or the Department of Labor defendants under that statute. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Shoprite defendants are not state actors. In addition, the Department of Labor and its offices are not persons and, as described by the complaint, none

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

of the Department of Labor individual defendants are state actors. They are described as federal actors.[2]

Therefore, the court will dismiss the § 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Sovereign Immunity/Eleventh Amendment

To the extent that Bridgeforth asserts claims against the USDOL, its branches, and employees in their official capacities, the claims fail. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

To the extent, Bridgeforth intended to name as defendants the DDOL, its branches, and employees in their official capacities, again, the claims fail. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DDOL is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v.*

---

[2]A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D. Conn. 1987) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). All claims against the Department of Labor defendants will also be dismissed on other grounds. *See* ¶¶ III.B. and III.D, *infra*.

*Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009) (unpublished). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

The USDOL, the DDOL, their branches, and employees in their official capacities are immune from suit. Therefore, the court will the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Employment Discrimination

Bridgeforth alleges that the Shoprite defendants agreed to discriminate against him based upon his race, sex, religion, and disability. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) ("[A prima facie case of discrimination] requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.").

The claim is deficiently pled. Bridgeforth does not set forth the statutes under which he proceeds. Nor does the complaint allege facts to support the elements of employment discrimination. For example, the complaint makes no mention of Bridgeforth's race, religion or

the type of disability (other than to refer, generally, to current and past physical impairments). Finally, the complaint alleges in a conclusory manner, without supporting facts, that the Shoprite defendants discriminated against Bridgeforth. The complaint does not meet the pleading requirements of *Iqbal* and *Twombly* and fails to state a claim upon which relief may be granted.

Accordingly, the court will dismiss the employment discrimination claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Because it appears that Bridgeforth may be able to cure his pleading deficiencies, he will be given leave to amend the employment discrimination claims against the Shoprite defendants.[3]

### D. Unemployment Insurance Benefits

Bridgeforth alleges that the Department of Labor defendants agreed to deny his unemployment insurance claim. Bridgeforth sought unemployment insurance benefits through the DDOL. It appears that Bridgeforth seeks review by this court of the finding that he untimely filed his appeal from the decision of the Referee to Unemployment Insurance Appeal Board and the determination of excessive earnings.

To the extent Bridgeforth seeks a review of the decisions denying him unemployment benefits, his remedy is to appeal to the Delaware Superior Court, and then to seek review by the Delaware Supreme Court. *See* 19 Del. C. § 3323; *Power v. Hanley*, 1997 WL 1737096, at *1 (Del. Com. Pl. Jan. 3, 1997). The complaint does not indicate if Bridgeforth has sought review.

---

[3] Bridgeforth indicates that the EEOC granted him "leave to file a lawsuit." The receipt of a federal right-to-sue letter indicates that a complainant has exhausted administrative remedies which is an "essential element for bringing a claim in [federal] court under Title VII." *See Anjelino v. New York Times*, 200 F.3d 73, 93 (3d Cir. 1999); *but see Ray v. Kentes*, 285 F.3d 287 (3d Cir. 2002) (the failure to exhaust is an affirmative defense and should not be the basis of a *sua sponte* dismissal). Upon amendment, Bridgeforth should attached the document from the EEOC (*i.e.*, the right-to-sue letter) that granted him leave to file this lawsuit.

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[4] *Younger* further provides that federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[5] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). The doctrine applies to proceedings until all appellate remedies have been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975); *see Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services*, 715 F. Supp. 1253, 1255 (S.D.N.Y. 1989). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). It appears that there are on-going state proceedings. Also, Delaware has a compelling state interest in providing unemployment compensation to its citizens who are out of work. Finally, Bridgeforth may raise any federal claims he may have before the Delaware State Court.

Moreover, it is not within this court's purview to review State unemployment benefits decisions. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002).

---

[4] The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

[5] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

Assuming, arguendo, that this case has been resolved by the Delaware Supreme Court, the *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing Bridgeforth's claim to proceed against the Department of Labor defendants would allow him to use the federal courts to appeal a state court judgment and, thus, would run afoul of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. at 415; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Accordingly, the court will dismiss all claims against Department of Labor defendants for lack of subject matter jurisdiction under the *Younger* abstention doctrine or, in the alternative, pursuant to the *Rooker-Feldman* doctrine, and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons, the court will dismiss all claims against the Department of Labor defendants for lack of subject matter jurisdiction under the *Younger* abstention doctrine or, in the alternative, pursuant to the *Rooker-Feldman* doctrine, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and on the basis of sovereign and Eleventh Amendment immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). In addition, the court will dismiss the 42 U.S.C. § 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Finally, the court will dismiss the employment discrimination claims against the Shoprite defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Bridgeforth will

be given leave to amend his employment discrimination claims against the Shoprite defendants.

    An appropriate order will be entered.

/s/ _____
CHIEF, UNITED STATES DISTRICT JUDGE

__May 3__, 2013
Wilmington, Delaware